IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| OREGON NATURAL RESOURCES COUNCIL, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | CV 03-888-PA |
| v. | ) ) | ORDER |
| DAVID B. ALLEN, et al., | ) ) ) | |
| Defendants. | ) | |

**PANNER, J.**

Six environmental groups brought this action against the United States Fish & Wildlife Service ("FWS") and its regional director, David Allen. Plaintiffs challenged the Biological Opinion regarding the 2002-2003 timber sale programs for the BLM Medford District, and the Rogue River and Siskiyou National Forests.

I granted summary judgment for the government. While the appeals[1] were pending, the Ninth Circuit decided Gifford Pinchot Task Force v. U.S. Fish & Wildlife Service, 378 F.3d 1059 (9th Cir. 2004), which involved some similar issues. Gifford Pinchot

---

[1] The American Forest Resource Council ("AFRC") appealed the denial of its motion to intervene "as of right." They were allowed to participate as amicus.

1 - ORDER

reached the same conclusion as I did regarding certain matters. However, Gifford Pinchot also held that, in evaluating whether the proposed projects would result in "adverse modification" to the owl's habitat, the agency applied a faulty standard. In addition, Gifford Pinchot held that the agency erred by relying on "late successional reserves" ("LSRs") in lieu of the officially designated critical habitat.

The Circuit remanded the present case with instructions to "address the effect of our ruling in *Gifford Pinchot* on" five specific issues. I address each in turn.

**Issue One:** Whether the Service applied an invalid definition of "adverse modification" in its biological opinion, and if so, whether the error was harmless.

**Answer:** Defendants concede the Biological Opinion applied an invalid definition of "adverse modification" and that the error was not harmless as to critical habitat. The error is harmless as to activities outside critical habitat.

**Issue Two:** Whether the Service improperly relied on the NFP and its late successional reserve network for purposes of the jeopardy and critical habitat analyses.

**Answer:** Defendants concede the Biological Opinion improperly relied on the Northwest Forest Plan ("NFP") and its late successional reserve network for purposes of the jeopardy and critical habitat analyses. The error is not harmless as to critical habitat. It is harmless as to activities outside critical habitat.

**Issue Three:** Whether the Service impermissibly failed to conduct site-specific analyses of timber sale impacts on particular spotted owl critical habitat units.

**Answer:** I previously rejected this contention. <u>Gifford Pinchot</u> does not alter that conclusion.

**Issue Four:** Whether the district court still approves of the incidental take statement issued by the Service.

**Answer:** Yes.

**Issue Five:** Whether AFRC should be permitted to intervene.

**Answer:** On remand, AFRC has not pursued intervention, filing an amicus brief instead. This issue is moot.

## REMEDIES AND DISPOSITION

Plaintiffs' Complaint prayed that the FWS be required to withdraw the Biological Opinion, rescind the "Incidental Take Permit" that accompanied the report, and "reinitiate consultation" with the Forest Service and BLM regarding the proposed timber sales.

Defendants admit the Biological Opinion is invalid as to critical habitat, and a new Opinion must be prepared. Defendants assure the court no additional logging-related activities will occur within critical habitat in reliance upon this Biological Opinion. Defendants have reinitiated consultation with the appropriate agencies. Plaintiffs are entitled to no further relief than what the agency has already done.

/ / / /

3 - ORDER

## CONCLUSION

This case is moot to the extent Defendants have now agreed to do the acts Plaintiffs had sought. In all other respects, this action is dismissed with prejudice.

DATED this 25 day of July, 2005.

／s／ Owen M. Panner
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE